JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Dwight Hempel

**MEJ**

**(b)** County of Residence of First Listed Plaintiff   Napa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott J. Sagaria (SBN 217981), Elliot W. Gale (SBN 263326)
Sagaria Law, P.C., 333 West San Carlos Street, Suite 1750
San Jose, CA 95110; ph.: (408) 279-2288

## DEFENDANTS
Discover Financial Services

**ADR**

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
E-filing  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jeffrey A. Topor (SBN 195545), Arvin C. Lugay (SBN 242599)
Simmonds & Narita LLP, 44 Montgomery Street, Suite 3010
San Francisco, CA 94104; ph.: (415) 283-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☒ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act, 15 U.S.C. 1681s-2, et seq.

Brief description of cause:
Plaintiff alleges violation of Fair Credit Reporting Act, 15 U.S.C. 1681s-2, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE _____

DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*

☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA

DATE  02/29/2012

SIGNATURE OF ATTORNEY OF RECORD

JS 44 CAND (Rev. 12/11)

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.　　(a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.　　Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.　　Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.　　Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.　　Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.　　Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.　　　　　　　　　　Example: U.S. Civil Statute: 47 USC 553
_____
　　　　　　　　　　　　　　　　　　Brief Description: Unauthorized reception of cable service

VII.　　Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.　　Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX.　　Divisional Assignment. In accordance with Civil L.R. 3-2(c) - (f), select the appropriate venue based upon the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated.

Date and Attorney Signature. Date and sign the civil cover sheet.

1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

   **E-filing**

6  Attorneys for defendant
   Discover Financial Services

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JEFFREY DWIGHT HEMPEL,                 CASE NO.:

12

13               Plaintiff,               **NOTICE OF REMOVAL**

14        vs.

15

16  DISCOVER FINANCIAL
    SERVICES, an FDIC insured
17  corporation and DOES 1 through 100
    inclusive,

18

19               Defendant.

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendant Discover Financial Services

3   ("Defendant"), a limited liability company with a principal place of business in

4   Riverwoods, Illinois, hereby removes to this Court the state court action described

5   below.

6    1.    On November 23, 2011, a complaint was filed against Defendant by

7   plaintiff Jeffrey Dwight Hempel ("Plaintiff"), in an action pending in the Superior

8   Court of the State of California in and for the County of Napa, entitled *Jeffrey*

9   *Dwight Hempel v. Discover Financial Services*, Case No. 26-57681. A copy of the

10  state court complaint ("Complaint") is attached hereto as **Exhibit A**. A copy of the

11  state court answer is attached hereto as **Exhibit B.**

12   2.    This removal petition is timely under 28 U.S.C. § 1446(b) because

13  Defendant's counsel was first served with a copy of the Complaint on February 1,

14  2012.

15                              **JURISDICTION**

16   3.    This action is a civil action of which this Court has original jurisdiction

17  under 28 U.S.C. § 1331 and that may be removed to this Court by Defendant

18  pursuant to the provisions of 28 U.S.C. § 1441(b), because the Complaint asserts

19  federal claims against Defendant arising under the Fair Credit Reporting Act, 15

20  U.S.C. §§ 1681s-2, *et seq. See* Exhibit A, at ¶¶ 1, 20, 29-37.

21   4.    The Complaint was filed in the Superior Court of the State of

22  California, County of Napa. Venue in the San Francisco or Oakland Division of

23  this District Court is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to

24  the district court of the United States for the district and division embracing the

25  place" where the state court action is pending); Local Rule 3-2(d) (stating "all civil

26  actions which arise in the counties of . . . Napa . . . shall be assigned to the San

27  Francisco Division or the Oakland Division").

28   5.    Defendant is represented by the undersigned.

1 | DATED: February 29, 2012

          SIMMONDS & NARITA LLP
2 |                                      JEFFREY A. TOPOR
                                      ARVIN C. LUGAY

3
4
                           By:
5 |                                   Arvin C. Lugay
                                   Attorneys for defendant
6 |                                   Discover Financial Services

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A

**FILED**

NOV 2 3 2011

Clerk of the Napa Superior Court

By: _____

1 | SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
2 | SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750
3 | San Jose, CA 95110
408-279-2288 ph
4 | 408-279-2299 fax

5 | Attorney for Debtor/Plaintiff

**CASE MANAGEMENT CONFERENCE**
DATE: 5-1-11
TIME: 8:30am
PLACE: Courtroom B
826 Brown Street, Napa CA 94559

6

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

10

DELAY REDUCTION CASE

11 | In Re:

CASE NO.: **26 - 57681**

12

13 | COMPLAINT FOR DAMAGES:
UNLIMTIED JURISDICTION

14

15 | Jeffrey Dwight Hempel,

1. Violation of Fair Credit Reporting Act;
2. Violation of California Song-Beverly Credit Card Act of 1971;
16 | Plaintiff.
3. Violation of California Consumer Credit Reporting Agencies Act;
17 | v.
4. Violation of California Unfair Business Practices Act;
18 | Discover Financial Services, an FDIC
5. Libel;
6. Intentional Infliction of Emotional Distress;
19 | insured corporation and DOES 1 through
7. Negligent Infliction of Emotional Distress;
8. Deceit;
20 | 100 inclusive,
9. Constructive Fraud

21 | Defendants.

22 | **BY FAX**

23 | COMES NOW Plaintiff Jeffrey Dwight Hempel, an individual, based on information and belief,

24 | to allege as follows·

25

26

27

28

COMPLAINT - 1

# INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their fraudulent reporting of Plaintiff's discharged debt as still being owed and due. In particular, Defendants' conduct involves falsely representing that Plaintiff's discharged debt is still overdue and delinquent even though Plaintiff filed for bankruptcy two years ago and Defendant thereafter reported Plaintiff's account as "charged off." Plaintiff seeks monetary, declaratory and injunctive relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681s-2 et. seq., California Song Beverly Act, California Civil Code § 1741, and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200, libel, intentional and negligent infliction of emotional distress, deceit, and constructive fraud

# JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Jeffrey Dwight Hempel (hereinafter "Plaintiff"), is an individual and currently resides in the county of Napa, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Discover Financial Services, (hereinafter "Creditor") is an FDIC insured bank, with its principal place of business located at P.O. Box 30943, Salt Lake City, UT

84130-0943.  Creditor collects debts on its own behalf and has agents collecting debts on its behalf throughout the county of Santa Clara.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive.  Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants..

## PRE-LITIGATION CLAIM FILINGS

10. On or about August 1, 2011, Plaintiff sent Transunion a written notice disputing Creditor's improper reporting to Transunion of Plaintiff's account as still delinquent even after Plaintiff filed for bankruptcy.  Pursuant to Section 1681s-2(b) of the Fair Credit Reporting Act, Transunion provided notice to Creditor of Plaintiff's dispute.  On August 22, 2011 Transunion sent Plaintiff a written notice of the results from Plaintiff's request for an investigation into the above referenced dispute.  Plaintiff is informed that Creditor still reported Plaintiff's account being delinquent as of October 2011 even though Plaintiff was granted a bankruptcy discharge on March 27, 2009 and never made any post petition payments to Creditor.  A true and correct copy of Plaintiff's notice from Transunion is attached hereto as Exhibit A and incorporated by this reference as though set forth in full.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On November 17, 2008 Plaintiff and Plaintiff's wife filed a voluntary joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. The § 341(a) meeting of creditors was held in San Jose, California on or about January 7, 2009.

14. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $8,500 (hereinafter "Debt").

15. On March 27, 2009 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 707. Plaintiff alleges that this Discharge included the debt to Creditor. A true and correct copy of the discharge order entered on March 27, 2009 is attached hereto as Exhibit B and incorporated by reference as though set forth in full.

16. On or about July 1, 2011 Plaintiff and Plaintiff's wife actively start searching for a desirable home to purchase. After settling on a home, Plaintiff attempted to receive pre-qualification for loan from Metlife in the amount of $565,000. On or about July 27, 2011 Plaintiff's loan request was denied. Plaintiff is informed and believes that Plaintiff's request was denied because Plaintiff's credit report still indicated an overdue balance on behalf of Creditor and two delinquencies.

17. On or about August 3, 2011 Plaintiff sent a letter to Transunion requesting a formal, full, and complete investigation of account opened in September 1999 and ending in 5022. Plaintiff is informed that Transunion thereafter sent notice of Plaintiff's dispute to Creditor.

18. On August 22, 2011 Plaintiff received written notice from Transunion of the results from the investigation into Plaintiff's dispute on the above referenced account. The report dated August 22, 2011 now reflected Plaintiff's account with a past due balance of $7,483. Moreover, Creditor reported that Plaintiff was delinquent on said debt in

September and October 2011, more than two years after Plaintiff was discharged in bankruptcy. Plaintiff also never made any post petition payments. A true and correct copy of Plaintiff's August 22, 2011 Transunion Credit is attached heretofore as Exhibit A.

19. To date, despite being noticed of the original bankruptcy and Plaintiff re-noticing Defendants by disputing the reporting, Defendants have failed to take any action whatsoever to correct Plaintiff's credit report.

20. The actions of Defendant as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 et. seq.

21. The actions of Defendants as alleged herein are acts in violation of California Song-Beverly Credit Card Act of 1971, California Civil Code § 1747, et seq.

22. The actions of Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25, et seq.

23. The actions of Defendant as alleged herein are acts in violation of the California Business and Professions Code § 17200.

24. The actions of Defendants as alleged herein are libelous acts in violation of California Civil Code 45.

25. The actions of Defendants as alleged herein constitute Intentional Infliction of emotional distress.

26. The actions of Defendants as alleged herein constitute negligent infliction of emotional distress.

27. The actions of Defendants as alleged herein constitute deceit in violation of California Civil Code §1710.

28. The actions of Defendants as alleged herein constitute constructive fraud in violation of California Civil Code §1573.

**FIRST CAUSE OF ACTION**
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2,Et Seq.)
(Against Defendant Creditor and Does 1-100)

29. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

30. Creditor, in the course of regular business, reports information to credit reporting agencies.

31. After being notice of Creditors inaccurate reporting, Plaintiff promptly disputed the inaccurate delinquent notations on Plaintiff's credit report with Transunion. Transunion sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681s-2(B) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute. Creditor did not conduct a reasonable investigation as required under the Fair Credit Reporting Act. Creditor failed to discover that Plaintiff's discharge, granted in 2009, relieved Plaintiff from any further obligation to pay the discharged debt and Plaintiff was never delinquent in September and October 2011.

32. Creditor intentionally and knowingly failed to investigate and correct inaccurate and false information regarding delinquency in payment to credit reporting agencies, and other actions previously described in violation of 15 U.S.C § 1681s-2 et. seq.

33. Creditor failed to notify consumer reporting agencies that the information defendant provided such agencies, was inaccurate in a prompt manner, in violation of 15 U.S.C. § 1681s-2 et. seq.

34. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

35. As a direct and proximate result of willful, untrue and knowingly made communications by Creditor, Plaintiff has suffered damages, and incurred costs and expenses in an amount to be determined at trial.

36. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

37. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Violation of the California Song-Beverly Credit Card Act of 1971 California Civil Code § 1747, Et Seq.)

(Against Defendant Creditor and Does 1-100)

38. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

39. On dates uncertain, Creditor published, or caused to be published, credit reports which contained statements about Plaintiff that were untrue, and were known to be or should have been known to be untrue. These false statements claimed Plaintiff was delinquent in payments on a debt included in Plaintiff's bankruptcy.

40. Despite Creditor having actual knowledge of Plaintiff's bankruptcy filing, Creditor, and/or its agent, falsely, and without privilege to do so, reported this alleged debt as currently due, owing, and delinquent. More specifically, Creditor reported Plaintiff's account as still outstanding even after Plaintiff petitioned for bankruptcy. This characterization was completely inaccurate as Plaintiff's petition removed Plaintiff's obligation to continue further payments on Plaintiff's debt.

41. Creditor knowingly and willfully communicated to credit reporting agencies including, but not limited to Experian, Trans Union, Equifax, and others information regarding an untrue delinquency in payments on account by Plaintiff.

42. The communications made by Creditor to Experian, Trans Union, Equifax, and others, were untrue and Creditor knew or should have known that the communications were untrue and/or acted in reckless disregard for the truth of the statements.

COMPLAINT - 7

43. As a direct and proximate result of the unreasonable and unsubstantiated false reports of Plaintiff's credit worthiness, and willful, untrue, and knowingly made communications by Creditor, Plaintiff has suffered actual damage, incurred costs, and expenses, in an amount to be proven at trial.

44. As a further direct and proximate result of acts by Creditor as stated herein, Plaintiff experienced unwarranted difficulty obtaining credit from other credit agencies, and suffered humiliation, embarrassment, anxiety, emotional distress and defamation of character.

45. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25, Et Seq.)
(Against Defendants Creditor and Does 1-100)

46. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

47. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

48. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquency in payment to credit reporting agencies, and other actions previously described in violation of California Civil Code § 1785.25 et. seq.

49. Creditor should have discovered through investigation that the reported information of Plaintiff's account, and alleged delinquencies in payment were inaccurate.

50. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25 et. seq.

51. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25 et. seq.

COMPLAINT - 5

52. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

53. As a direct and proximate result of willful, untrue and knowingly made communications by Creditor, Plaintiff has suffered damages, and incurred costs and expenses in an amount to be determined at trial.

54. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

55. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unfair practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's acts and practices described above were and were likely to continue to mislead the general public and therefore constitute misleading and unfair practices within the meaning of Business and Professions Code § 17200.

63. These unfair and unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record

keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

64. Additionally, these acts and practices were and were likely to continue to mislead the general public in that they constitute violations of California Civil Code §§ 1747, et seq., 1785, et seq., and 1788, et seq.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(California Civil Code § 45; Libel)
(Against Defendants Creditor and Does 1-100)

66. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

67. It is alleged that without legal cause, or legal right to do so, Creditor allowed and continues to allow credit reporting agencies to report that Plaintiff currently owes money to Creditor and is delinquent in not paying this alleged debt.

68. These reports or publications by Creditor referred to Plaintiff as delinquent in financial responsibilities, and is understood by all who saw said reports that Plaintiff is not creditworthy.

69. As a result of the acts alleged above, Plaintiff and Plaintiff's wife have suffered damage to their good name and reputation, credit reporting, and rating.

70. The reports or publications by Creditor were libelous on their face in that they clearly exposed Plaintiff to ridicule and obloquy because they stated delinquency in payment, indicated incapability of paying debts, indicated a credit risk, and foreclosed personal transactions based on credit.

71. Creditor's publications were seen and read by numerous credit reporting agencies and credit granting organizations, and as a result, the false information was disseminated throughout the financial community to any service or institution with an inquiry.

72. The above-described publication was not privileged because it was published or caused to be published by Creditor with knowledge of its falsity and a reckless disregard for

the truth of the matter constituting malice toward Plaintiff. Because of Creditor's malice in publishing this false report, Plaintiff seeks punitive damages in an amount to be determined at trial.

73. On information and belief, Plaintiff alleges that this false and malicious publication was made in retaliation for Plaintiff filing a Chapter 7 petition.

74. As a direct and proximate result of these malicious, wrongful, and willful acts, Plaintiff suffered injury which resulted in headaches, nausea, embarrassment, and other physical damages.

75. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants Creditor and Does 1-100)

76. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

77. Creditor's conduct and personal insult in the above stated causes of action were so severe and outrageous, and intentional, that as a proximate result Plaintiff was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, pain and suffering, and defamation of character.

78. Such conduct violates Plaintiff's enjoyment of rights secured by the Constitution of the United States, and California Civil Code §§ 43 and 1708.

79. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants Creditor and Does 1-100)

80. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

COMPLAINT - 11

81. Creditor's negligent conduct and personal insult in the above referenced causes of action proximately caused Plaintiff impediment in seeking necessary products and services from vendors and additional credit from other credit agencies, humiliation, embarrassment, anxiety, loss of sleep, emotional distress, pain and suffering, and defamation of character.

82. As a further direct and proximate result of the negligent acts by Creditor and their refusal to rectify their errors as stated herein, Plaintiff has suffered damages and incurred costs and expenses in an amount to be determined at trial.

83. Such conduct violates Plaintiff's enjoyment of rights secured by the Constitution of the United States, California Civil Code §§ 43 and 1708.

84. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of California Civil Code § 1710; Deceit)
(Against Defendants Creditor and Does 1-100)

85. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

86. The actions taken by Creditor violate California Civil Code §1710 in that they are attempting to collect on a debt against the Plaintiff personally when they have no reasonable grounds for doing so.

87. Creditor's actions after actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge, clearly demonstrates assertions of fact which are not true.

85. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Violation of California Civil Code § 1573; Constructive Fraud)
(Against Defendants Creditor and Does 1-100)

88. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein

COMPLAINT - 12

89. The actions taken by Creditor violate California Civil Code § 1573, in that they were collecting on a debt personally against the Plaintiff when they had no reasonable grounds for doing so.

90. Creditor's subsequent collections on a discharged debt personally against the Plaintiff after actual knowledge of Plaintiff's bankruptcy filing clearly a breach of duty gaining an advantage against the Plaintiff and misleads the Credit Reporting Agencies to Plaintiff's prejudice.

86. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For actual damages according to proof at trial;

    b. For punitive and exemplary damages;

    c. For determination by the court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681(n)-(o), et seq.; California Business and Professions Code § 17200, et seq.; and California Civil Code §§ 45, 52.1, 1573, 1710, 1747.40, 1785.25, et seq.;

    d. Enjoin Creditor from continuing its policies and practices pursuant to 15 U.S.C. § 1681s-2et seq.; California Business and Professions Code § 17200, et seq.; and California Civil Code §§ 45, 52.1, 1573, 1710, 1747.40, 1785.25, et seq.,;

    e. Order Creditor to correct Plaintiff's credit reports and other credit bureau reports to accurately reflect Plaintiff's debt has been discharged;

    f. Award actual damages pursuant to 15 U.S.C. § 1681n; California Civil Code §§ 52.1, 1573, 1709, 1714, 1785.31, 1788.30(a), and 3281

    g. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    h. Award punitive damages in an amount to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    i. Award treble damages against Creditor in an amount to deter further unlawful conduct pursuant to California Civil Code § 1747.70(d)

COMPLAINT - 13

j.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n; and California Civil Code §§ 52.1(h), 1012.5, 1747, 1785.31, 1788.30(c);

k.  Award damages for pain and suffering against Creditor pursuant to California Civil Code § 1785.31;

l.  Award interest pursuant to California Civil Code § 3288;

m.  Restore Plaintiff and those similarly situated any money or property already acquired as a result of Creditor's unlawful conduct;

n.  For prejudgment interest at the maximum legal rate; and

o.  For such other and further relief as the court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: November 22, 2011                    By: _____
                                                 Elliot Gale, Esq.
                                                 Attorneys for Debtor/Plaintiff

Exhibit B

**ENDORSED**

FEB 0 2 2012

Clerk of the Napa Superior Court
By: ___C. FRANKIE___
Deputy

1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for defendant
7  Discover Financial Services

8

9                    SUPERIOR COURT OF CALIFORNIA

10                       COUNTY OF NAPA

11

12  JEFFREY DWIGHT HEMPEL,                  )   CASE NO.: 26-57681
                                           )
13              Plaintiff,                  )
                                           )
14                                          )   **ANSWER TO UNVERIFIED**
                                           )   **COMPLAINT**
15       vs.                                )
                                           )
16                                          )
    DISCOVER FINANCIAL                      )
17  SERVICES, an FDIC insured               )
    corporation and DOES 1 through 100      )
18  inclusive,                              )   **BY FAX**
                                           )
19              Defendant.                  )
                                           )
20                                          )
21
22
23
24
25
26
27
28

HEMPEL V. DISCOVER FINANCIAL SERVICES (CASE NO. 26-57681)
ANSWER TO UNVERIFIED COMPLAINT

1      Defendant DISCOVER FINANCIAL SERVICES ("Defendant") hereby

2 submits the following Answer to the unverified Complaint filed in this action by

3 plaintiff JEFFREY DWIGHT HEMPEL ("Plaintiff"):

4

5                            **GENERAL DENIAL**

6      Pursuant to California Code of Civil Procedure § 431.30, Defendant generally

7 denies each and every allegation in the Complaint and each purported cause of action

8 therein.

9

10                        **AFFIRMATIVE DEFENSES**

11      As and for separate affirmative defenses to the Complaint, Defendant alleges

12 as follows:

13

14                 **FIRST AFFIRMATIVE DEFENSE**

15                  **(Failure to State a Claim)**

16      The allegations of the Complaint fail to state a claim against Defendant upon

17 which relief can be granted.

18

19               **SECOND AFFIRMATIVE DEFENSE**

20                     **(Arbitration)**

21      Plaintiff's claims are subject to arbitration pursuant to a binding arbitration

22 agreement contained in the terms and conditions governing the credit card account

23 that is the subject of this action, which agreement may be elected by either party

24 prior to trial or judgment. Defendant reserves its right to compel arbitration of

25 Plaintiff's claims.

26 //

27 //

28 //

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3    The allegations in the Complaint and relief requested are, on information and

4 belief, barred in whole or in part by the doctrine of unclean hands.

5

6

## FOURTH AFFIRMATIVE DEFENSE

7

### (No Wilful Conduct)

8    Defendant acted in good faith at all times in its dealings with Plaintiff, and if

9 any conduct by Defendant is found to be unlawful, which Defendant expressly

10 denies, such conduct was not willful and should not give rise to liability.

11

12

## FIFTH AFFIRMATIVE DEFENSE

13

### (Failure to Mitigate)

14    Plaintiff, although under a legal obligation to do so, has failed to take

15 reasonable steps to mitigate any alleged damages that he may have and is therefore

16 barred from recovering damages, if any, from Defendant.

17

18

## SIXTH AFFIRMATIVE DEFENSE

19

### (Waiver)

20    Plaintiff has waived his rights, if any, to recover the relief he seeks in the

21 Complaint based upon his own conduct and admissions with respect to the financial

22 obligation at issue.

23

24

## SEVENTH AFFIRMATIVE DEFENSE

25

### (Good Faith)

26    Defendant has, at all material times with respect to Plaintiff, acted in good

27 faith in an effort to comply fully with all relevant federal and state laws.

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act must be rejected as it would place an unreasonable restraint

1  upon Defendant's First Amendment rights, thereby raising serious constitutional
2  issues.
3
4                    **TWELFTH AFFIRMATIVE DEFENSE**
5                    **(Statute of Limitations/Laches)**
6        The purported claims set forth in the Complaint are barred in whole or in part
7  by the applicable statutes of limitation and/or the equitable doctrine of laches.
8
9                   **THIRTEENTH AFFIRMATIVE DEFENSE**
10                   **(Standing)**
11        Plaintiff has not suffered any injury in fact as a result of Defendant's alleged
12  conduct and therefore lacks standing to sue.
13
14                  **FOURTEENTH AFFIRMATIVE DEFENSE**
15                  **(Preemption)**
16        Plaintiff's claims under state law are barred in whole or in part by the doctrine
17  of preemption.
18
19        WHEREFORE, Defendant requests judgment as follows:
20        1.   That Plaintiff takes nothing by the Complaint, which should be dismissed
21  with prejudice.
22        2.   That Defendant recover from Plaintiff its costs according to proof.
23        3.   That Defendant recover its attorneys' fees according to proof.
24        4.   That the Court orders such other further reasonable relief as the Court may
25  deem just and proper.
26  //
27  //
28  //

1    DATED: February 2, 2012          SIMMONDS & NARITA LLP

2                                          JEFFREY A. TOPOR
                                         ARVIN C. LUGAY

3

4                             By: _____

5                                      Jeffrey A. Topor
                                     Attorneys for defendant
                                     Discover Financial Services

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **ANSWER TO UNVERIFIED COMPLAINT**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**
Scott J. Sagaria
Elliot W. Gale
Sagaria Law, P.C.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
Counsel for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 2nd day of February, 2012.

 

Sally Koo